UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRED E. VAN GORDER,

        Petitioner,          **DECISION AND ORDER**
                                                                             No. 01-CV-6538(VEB)

    -vs-

M. ALLERD, Acting Superintendent, and
GLENN S. GOORD,

        Respondents.

**I.   INTRODUCTION**

Petitioner Fred E. Van Gorder ("Van Gorder") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court on one count of attempted first degree rape (N.Y. Penal Law §§ 110.00, 130.35)) and one count of endangering the welfare of a child (N.Y. Penal Law § 260.10(1)). On September 26, 2005, this Court dismissed his petition on the merits and denied a certificate of appealability. The Court of Appeals for the Second Circuit subsequently dismissed Van Gorder's application for a certificate of appealability finding that.

Presently before the Court is a pleading filed by Van Gorder titled "Notice of Motion for Review and Objections" (Docket No. 92). In it Van Gorder has requested that Chief United States District Judge Richard Arcara "review the arbitrary and capricious decision and order of Magistrate Judge Bianchini, set aside the decision and order as a matter of law; and for any such other and further relief this Court deems to be just and proper in the interest of justice to the pro se petitioner." Petitioner's Notice of Motion (Docket No. 92). In the accompanying "Affidavit in

1

Support of Motion for Review and Objections", Van Gorder details the many alleged errors this Court committed in deciding his habeas claims. For the reasons that follow, Van Gorder's "Motion for Review and Objections" is denied with prejudice.

## II.     DISCUSSION

### A.     Petitioner is not entitled to review of the denial of his habeas petition by a District Judge.

As an initial matter, I note that because Van Gorder consented to final disposition of the petition by a magistrate judge, he is not entitled to submit objections to my Decision and Order for review by a district judge. *See* 28 U.S.C. § 636(c)(1). Therefore, that aspect of Van Gorder's application seeking review of the denial of his habeas petition by a district judge must be denied.

### B.     Petitioner's motion cannot be treated as a motion for reconsideration.

Van Gorder's motion was not made pursuant to any particular section of the Federal Rules of Civil Procedure but it was docketed as a motion for reconsideration. "The Federal Rules do not expressly provide for reconsideration[.]" *Young v. Poff*, No. 04CV320, 2006 WL 1455482, at *2 (W.D.N.Y. May 22, 2006) (Scott, M.J.) (citing *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275 (D. Colo.1997)). However, Rule 59(e) can encompass motions for reconsideration, treating them as motions to alter or amend the judgment. *Id.* (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 122 (Civil 2d ed.1995)). A Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Furthermore, Rule 59(e) contains a strict time-line: motions must be filed no later than 10 days after the entry of judgment. *See* FED. R. CIV. P. 59(e); *Lichtenberg v. Besicorp Group, Inc.*, 204 F.3d 397, 401 (2d Cir. 2000) (holding that ten-day time

limit for motions for reconsideration is "uncompromisable" and cannot be extended). Judgment in this case was entered on September 26, 2005; Van Gorder's motion was filed several months later, on February 13, 2006. Not only was it filed in excess of the time limit for filing a motion for reconsideration, I note that it also was filed well past the 10-day time period in which a party may file objections to a magistrate judge's report and recommendation. Therefore, not only am I precluded from treating Van Gorder's motion as a motion for reconsideration, I cannot consider his motion as objections to a report and recommendation to be forwarded to the district judge. This is because Van Gorder consented to final disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c).

Under similar circumstances, other habeas courts have treated belatedly filed motions for reconsideration as motions seeking *vacatur* of the judgment under Rule 60(b). Accordingly, I will treat Van Gorder's motion as if he had brought it pursuant to Rule 60(b).

### C. Analysis of petitioner's application as a Rule 60(b) motion

Under Rule 60(b), a court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .;
> (3) fraud . . ., misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b)(1-6). Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule

60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *see also Harris v. United States*, 367 F.3d 74, 77 (2d. Cir. 2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'").

The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris*, 367 F.3d at 77; *accord Gitten v. United States*, 311 F.3d 529, 532 n. 4 (2d Cir.2002). When a habeas petitioner files a Rule 60(b) motion, however, the district court must determine whether the motion is, in substance, a successive habeas petition under 28 U.S.C. § 2244 of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and thus subject to AEDPA's "gatekeeping" requirement that a successive habeas petition be pre-certified by the Second Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law.

When presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the

court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d at 82 (2d Cir.2004) (quoting *Gitten v. United States*, 311 F.3d at 534); *accord*, *e.g.*, *Yuzarry v. United States*, Nos. 04 Civ. 2809(RPP), 96 Cr. 967(RPP),
2007 WL 4276864, at *4 (S.D.N.Y. Nov. 30, 2007))

The Supreme Court in *Gonzalez v. Crosby* explained the circumstances under which a motion seeking to reopen a habeas proceeding should be treated as a second or successive habeas petition under the AEDPA, and not a Rule 60(b) motion, stating that

> regardless of the label used by a petitioner, "a motion is treated as a successive habeas petition when it seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Gonzalez*, 545 U.S. at 532 (footnote omitted).  By "on the merits," the Supreme Court in *Gonzalez* was referring to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. Thus, when a petitioner "asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) [in a motion styled as a Rule 60(b) application] he is making a habeas corpus claim." However, the Supreme Court explained, the petitioner is *not* making a habeas claim if he "merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* Thus, a motion is appropriately considered to be a Rule 60(b) motion when "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state [or federal]

5

conviction." *Id.* at 533; *see also id.* at 538 (holding that the petitioner's Rule 60(b) motion should not have been construed as a successive habeas petition because it challenged only the district court's failure to reach the merits due to a misapplication of AEDPA's statute of limitations).Here, only one of the arguments Van Gorder raises in his motion for relief from judgment possibly could be construed as within the scope of Rule 60(b) under *Gonzalez*; the remainder merely reassert or assert claims attacking his underlying conviction and sentence.

To review, Van Gorder asserted numerous grounds for relief in his original petition–namely, that the trial judge, the prosecutor, and trial counsel committed extensive errors. In his amended petition, Van Gorder included claims that appellate counsel was ineffective in failing to argue on appeal all of the alleged errors identified by Van Gorder in his habeas petition. In my Decision and Order dismissing the petition, I reviewed only the substance of Van Gorder's claims of error on the part of ineffective assistance of appellate counsel. I found that appellate counsel had not been deficient in declining to press the claims of trial counsel's ineffectiveness and error by the trial court and prosecutor, since none of the omitted claims were meritorious  Van Gorder takes issue with this, accusing me of overlooking his other substantive claims and committing a "mistake" warranting relief from judgment. To that extent, his motion–broadly read–can be considered under subsection (1) of Rule 60(b), which allows a litigant relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).[1]

---

[1] The other subsections of Rule 60(b) are inapplicable here. While subsection (6) is also known as Rule 60(b)'s catchall provision, the Second Circuit has made clear that a district court may consider a motion under that provision "only if the other, more specific grounds for relief encompassed by [Rule 60(b)] are inapplicable." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)) (additional citation omitted).

In order to reach the conclusion that appellate counsel had not overlooked potentially stronger issues as argued by Van Gorder, I had to review the merits of all of the underlying, stand-alone claims that Van Gorder stated that appellate counsel should have raised. Thus, Van Gorder did receive a merits review and determination of all of his substantive claims. What Van Gorder neglects to acknowledge is that, as was set forth in this Court's previous decision and order, all of his remaining stand-alone claims were either procedurally defaulted or unexhausted. Furthermore, all of the claims that were unexhausted had to deemed unexhausted but procedurally defaulted because Van Gorder faced an absence of corrective process were he to return to state court and attempt to exhaust them. *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991). This was explained in my Decision and Order. As I further noted therein, the only way for Van Gorder to obtain federal review of those procedurally defaulted claims was to assert them under the guise of an ineffective assistance of appellate counsel claim–which he was permitted to do in his amended habeas petition.

In performing my review Van Gorder's claims attacking appellate counsel's performance, I reviewed the substance of all of the underlying claims of error asserted by Van Gorder and concluded that, taken singly or together, they did not warrant reversal of Van Gorder's conviction under state or federal law. Accordingly, I found that appellate counsel was not deficient in failing to raise the omitted, non-meritorious claims, and that Van Gorder was not prejudiced since there was no reasonable probability that inclusion of any of the claims would have resulted in a more favorable outcome on his appeal. Thus, Van Gorder did receive a review on the merits of his otherwise procedurally defaulted independent claims of error at his trial, and Van Gorder's accusation that this Court made a mistake is unfounded.

>    **D.**     **The remainder of Van Gorder's motion is denied as outside the scope of a Rule 60(b) motion.**

The remainder of Van Gorder's motion does not present any of the other grounds for relief enumerated in Rule 60(b); rather, it simply reargues the claims previously resolved by the Court's Decision and Order dismissing his petition. A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). The Second Circuit has explained that "after a district court has denied as meritless the portion of the 60(b) motion that the court considers to come within the scope of Rule 60(b), the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, i.e., the portion believed to present new attacks on the conviction." *Gitten v. United States*, 311 F.3d at 534; *accord Harris v. United States*, 367 F.3d at 82. Thus, with regard to the portion of the motion attacking the underlying conviction, I deny it as beyond the scope of Rule 60(b). *Harris*, 367 F.3d at 82.

>    **E.**      **There is no basis for transferring the motion for relief from judgment for certification as a second or successive habeas petition.**

Finally, I note that under AEDPA, a successive habeas petition requires pre-certification by the Second Circuit Court of Appeals before it may be filed in the district court. *See* 28 U.S.C. §§ 2244(b)(2), 2244(b)(3)(A). Because all of the claims brought in the instant motion have been previously heard, resolved, and appealed,[2] it would be a waste of judicial resources to transfer this motion to the Court of Appeals for possible certification. Therefore, even if I were to characterize Van Gorder's present motion as a successive habeas petition, I would decline to transfer it to the circuit court for pre-certification.

---

[2]    The Second Circuit Court of Appeals has denied Van Gorder's appeal of the denial of his habeas petition.

### III.     CONCLUSION

Van Gorder's untimely motion for reconsideration (Docket No. 92) has been construed as a motion for relief from judgment pursuant to Rule 60(b). That part of the motion which alleges that the Court's denial of his habeas petition was based on a "mistake" under Rule 60(b)(1) is denied as without merit. In the alternative, even if Van Gorder's pleading can be construed as a successive petition, I decline to transfer it to the Second Circuit Court of Appeals for certification as a second or successive habeas petition since the remainder of the motion merely reargues the same claims that this Court previously has rejected on the merits and does not fulfill the threshold criteria in 28 U.S.C. § 2244(b). Therefore, it will not be transferred to the Second Circuit for certification as a second or successive 28 U.S.C. § 2254 petition.

**Accordingly**, **it is hereby ORDERED that**

Van Gorder's motion (Docket No. 92) is **DENIED** in its entirety with prejudice. Van Gorder's pending motion for leave to appeal *in forma pauperis* is **DENIED** as moot. Finally, because Van Gorder has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *Kellogg v. Strack*, 269 F.3d 100, 102 (2d Cir. 2001) (holding that 28 U.S.C. § 2253 applied to an order denying petitioner's Rule 60(b) motion in a habeas proceeding). Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 26, 2008
Rochester, New York.